UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GEOVANNI LEONARDO
PEREZ-PERALTA,

Petitioner,

v.                                                     CAUSE NO. 3:26cv395 DRL-SJF

BRIAN ENGLISH,

Respondent.

OPINION AND ORDER

Immigration detainee Geovanni Leonardo Perez-Peralta filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The Warden answered the petition. Mr. Perez-Peralta received additional time to file a reply, but the extended deadline passed with none. The petition is ready to be decided.

Mr. Perez-Peralta is a citizen of Mexico who entered the United States without inspection in 2007. On October 19, 2025, he was taken into custody by United States Immigration and Customs Enforcement (ICE) and issued a notice to appear [6-1]. He was ordered removed by an immigration judge on February 10, 2026. Mr. Perez-Peralta appealed the removal order to the Board of Immigration Appeals (BIA), but the appeal was rejected for procedural reasons on March 19, 2026. There is no pending appeal.

When Mr. Perez-Peralta filed his petition, he alleged he was still in ongoing removal proceedings, and he argued that his detention was unlawful because he was improperly classified under 8 U.S.C. § 1225(b)(2) and denied an opportunity to be released on bond

while the removal proceedings are pending. The Warden argues that Mr. Perez-Peralta is now subject to a final order of removal, so the statutory basis for his detention is 8 U.S.C. § 1231. The Warden argues Mr. Perez-Peralta's detention is lawful because he is still in the 90-day "removal period," during which detention is mandatory.

The Warden also argues that the court lacks subject matter jurisdiction over the petition. The court has thoroughly considered its jurisdiction to review immigration detention under both 8 U.S.C. §§ 1225, 1226, and 1231. For the reasons given before, jurisdiction is secure insofar as this opinion goes. *See Liang, v. English*, No. 3:25cv1052, 2026 WL 835853, 1 (N.D. Ind. Mar. 26, 2026 (Leichty, J.) (regarding § 1231); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219, 2-5 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026) (regarding § 1225 and § 1226).

Turning to the merits, the Warden reports that Mr. Perez-Peralta entered the "removal period" when the 30-day window to appeal the February 10, 2026 removal order expired. Detention during the removal period is mandatory while the government works to effectuate the removal. 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A). According to § 1231(a)(1), the 90-day removal period begins on the latest of:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). By statute, a removal order that is not appealed becomes final when the time to seek the order's review with the BIA expires. 8 U.S.C. § 1101(a)(47)(B). Because

2

Mr. Perez-Peralta does not have a pending appeal, his removal order became administratively final on March 12, 2026, when the 30-day window to appeal expired. *See* 8 C.F.R. § 1003.38(b) (2025).[1] Thus, he will be in the removal period until June 10, 2026, making his current detention mandatory. He has not shown he is entitled to release.

For these reasons, the court DENIES the petition (ECF 1) and DIRECTS the clerk to close this case.

SO ORDERED.

May 19, 2026                                          s/ *Damon R. Leichty*
                                                     Judge, United States District Court

---

[1] The deadline to file an appeal was shorted to 10 days, effective March 9, 2026. *See* Appellate Procedures for the Board of Immigration Appeals, 91 FR 5267-01. The 10-day deadline was invalidated in *Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, __ F. Supp. 3d __, No. CV 26-696 (RDM), 2026 WL 662494, 30 (D.D.C. Mar. 8, 2026).

3